Michael R. Johnson (7070)
Kamie F. Brown (8520)
Matthew M. Cannon (11265)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 531-7543
mjohnson@rqn.com
kbrown@rqn.com
mcannon@rqn.com

*Attorneys for Plaintiff Commissions Import Export, S.A.*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT, S.A., <br><br> Plaintiff, <br><br> v. <br><br> REPUBLIC OF THE CONGO, <br><br> Defendant. | **EX PARTE MOTION TO TRANSFER CASE NO. 1:16-CV-151 TO JUDGE JENKINS** <br><br> Civil No. 2:16-CV-00404 <br><br> Honorable Bruce Jenkins |

TO THE HONORABLE BRUCE S. JENKINS:

### RELIEF SOUGHT AND GROUNDS FOR MOTION

Pursuant to DUCivR 83-2(g), Plaintiff Commissions Import Export, S.A. ("**Commisimpex**"), through counsel, respectfully moves the Court (Judge Jenkins) to direct and accept transfer of Case No. 1:16-cv-151, *Commisimpex v. Congo et al.*, which was initially assigned to Magistrate Judge Furse (the "**Second Case**"). The Second Case is inextricably related to the above-captioned matter, as both cases involve Commisimpex's efforts to collect, at least in part, on a long-standing, final US judgment against Republic of the Congo ("**Congo**").

The two cases involve the same property and substantially the same parties, and call for a determination of substantially related questions of law and fact. Judicial economy strongly supports Judge Jenkins' consideration of the two cases not only because Judge Jenkins is already intimately familiar with most of the facts, but also because there is a significant risk of inconsistent outcomes should the cases not be addressed by the same judge. All relevant factors weigh in support of transfer.

## RELEVANT FACTS

1. Commisimpex is a company owned by British and American partners and has been doing business in the Congo since 1973.

2. As this Court has become aware through the current action, Commisimpex has been seeking to collect on a long-standing, final US judgment against the Congo. The judgment was obtained in the United States District Court for the District of Columbia on October 9, 2013, through recognition of a foreign arbitral award rendered in January 2013.

3. The underlying arbitral award against Congo on which the US judgment is based arose out of Congo's refusal to pay amounts lawfully due on major construction projects undertaken and completed by Commisimpex in Congo, all of which were simply appropriated by Congo for the benefit of itself with no payment to Commisimpex of the amounts it was owed. As a result, Commisimpex was forced to pursue arbitration in France and then further litigation in this country (and others), while Congo went about its business producing oil, extracting minerals, and otherwise earning more than enough money to repay Commisimpex yet refusing to do so.

4. Congo has refused to pay a dime on the judgment and has otherwise ignored or defied prior court orders, including without limitation by refusing to comply with standard discovery obligations.

5. On May 13, 2016, the US judgment against Congo (the "**Judgment**") was registered in this district, which opened the current action before this Court, and the matter was assigned to Judge Jenkins through the Court's random assignment wheel. (*See* Docket No. 1.)

6. The Judgment was registered in this Court because Commisimpex learned that the Bank of Utah ("**BOU**") was the legal owner of a certain Boeing 787-8 Dreamliner (the "**Aircraft**"), and because Commisimpex believes the Congo to be the equitable and beneficial owner of the Aircraft.

7. As Judge Jenkins is keenly aware, Commisimpex has spent the last few months seeking discovery and a garnishment in this action to obtain the necessary facts to prove Congo's equitable and beneficial ownership of the Aircraft and execute on any such interest. (*See* Docket Nos. 1-75.)

8. Through discovery in this case, as well as Commisimpex's continued independent research into these matters, Commisimpex has obtained information supporting various claims against the Congo and BOU (solely in its capacity as owner trustee of the Aircraft), as well as claims against Equatorial Congo Airlines ("**EC Air**"), the national airline for Congo.

9. These claims, which have been asserted in the Second Case, are an organic extension of the actions, issues, and rulings by Judge Jenkins in this case. *See* Second Case, a true and correct copy of which (i.e., the Complaint) is attached hereto as Exhibit A.

10. Indeed, Commisimpex is seeking to do the same thing in the Second Case as it is doing in this case—execute on Congo's assets, including, without limitation, its interest in the Aircraft.

## ARGUMENT

Local Rule 83-2 provides that "[w]henever two or more related cases are pending before different judges of this court, any party to the later-filed case may file a motion and proposed order to transfer the case to the judge with the lower-numbered case." DUCivR 83-2(g). The rule outlines seven factors that the court may consider in addressing such a request:

  (1) Whether the cases arise from the same or a closely related transaction or event;
  (2) Whether the cases involve substantially the same parties or property;
  (3) Whether the cases involve the same patent, trademark, or copyright;
  (4) Whether the cases call for a determination of the same or substantially related questions of law and fact;
  (5) Whether the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges;
  (6) Whether there is a risk of inconsistent verdicts or outcomes;
  (7) Whether the motion has been brought for an improper purpose.

DUCivR 83-2(g).

Here, there is no question that this case and the Second Case are related. And when looking at the seven factors to be considered, the facts of the two cases weigh overwhelmingly in favor of having the cases addressed by the same judge. The two cases arise from the same related transactions and events. Indeed, it is the discovery in this current action that has primarily provided the factual basis for the claims asserted in the Second Case. Aside from the addition of EC Air in the Second Case, the two cases involve the same entities involved in this case—Commisimpex, Congo, and BOU. Additionally, Commisimpex seeks the same relief in both cases—execution on the property of Congo to satisfy, in part, the Judgment. Given Judge Jenkins' intimate understanding of the underlying facts and issues at play in Commisimpex's quest, judicial economy strongly supports Judge Jenkins handling of the Second Case as there would be a substantial duplication of labor by all involved if the cases were not heard by the

same judge. Based on the factors above, it is difficult to envision any reason why the cases should not be heard by the same judge.

Finally, Commisimpex notes that the Second Case was randomly assigned to Magistrate Judge Furse. It is unlikely that the parties to the Second Case would consent to Magistrate Furse keeping the case, meaning the Second Case will need to be reassigned anyways. Commisimpex submits that, because the Second Case will need to be reassigned anyways, it would serve judicial and party economy to reassign the Second Case to Judge Jenkins now, given the detailed familiarity he already has with the parties, issues, and claims in the case.

## CONCLUSION

For the reasons stated herein, Commisimpex respectfully requests that Case No. 1:16-cv-141, *Commisimpex v. Congo et al.*, currently assigned to Magistrate Judge Furse, be transferred and reassigned to Judge Jenkins.

A proposed order granting this motion is attached hereto, with a Word copy having been emailed to Chambers. And concurrent with the filing of this motion, a notice of this motion has been filed in Case No. 1:16-cv-151.

DATED this 28th day of October 2016.

RAY QUINNEY & NEBEKER P.C.

/s/ *Matthew M. Cannon*
Michael R. Johnson
Kamie F. Brown
Matthew M. Cannon

*Attorneys for Plaintiff Commissions Import Export, S.A.*
